RECEIVED
JUN 30 2014
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RUSSELL JOHNSON,

    Plaintiff,

vs.

SCHERPING TRUCKING, INC.,

    Defendant.

Court File No. _____

---

## COMPLAINT

Plaintiff Russell Johnson, for his Complaint against Defendant Scherping Trucking, Inc., states and alleges as follows:

### THE PARTIES

1. Plaintiff Russell Johnson resides at County Road 570, Box 928, Van Buren, Missouri 63965.

2. Defendant Scherping Trucking, Inc. is a Minnesota corporation with its principal place of business at 21157 – 28th Avenue, Clearwater, Minnesota 55320. Defendant Scherping Trucking, Inc. is motor carrier operating in interstate commerce and registered with the Federal Motor Carrier Safety Administration under docket no. MC-456664.

### JURISDICTION AND VENUE

3. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. The cause of action alleged in Count One herein arises under the laws of the United States regulating the activities of motor carriers transporting property in interstate commerce, including 49 U.S.C. §§ 13501, 14102 and 14704(a)(1) and (2), and 49 C.F.R. § 376.1 et seq.

1

4. This court has supplemental jurisdiction over the cause of action alleged in Count Two of this complaint under 28 U.S.C. § 1367(a) as those claims are so related to the claims in Count One that they form part of the same case or controversy.

5. Venue is based upon 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims raised herein occurred in this district and Defendant is a resident of this district within the meaning of 28 U.S.C. §1391(c) because it is subject to personal jurisdiction at the time this action was commenced.

## FACTS COMMON TO ALL COUNTS

6. At all time material hereto, Defendant Scherping Trucking, Inc. owned a commercial vehicle, a 2002 Peterbilt Truck Tractor, VIN 1XPSDB9X52N578377. On January 11, 2011, Scherping Trucking, Inc. and Plaintiff Russell Johnson entered into a lease agreement whereby Scherping Trucking, Inc., a copy of which is attached hereto as Exhibit "A".

7. Under the terms of the lease agreement between the parties, Scherping Trucking, Inc. agreed to sell the aforementioned truck tractor to Plaintiff Russell Johnson for a total purchase price of $32,000.00, plus 7 percent simply interest, paid over a term of 29 months.

8. Under the terms of the lease agreement between the parties, Russell Johnson agreed to provide contract hauling for Defendant Scherping Trucking, Inc. as a leased owner-operator. Thus, Plaintiff Russell Johnson was an "owner" of a commercial motor vehicle within the meaning of 49 C.F.R. § 376.2(d) and a "lessor" within the meaning of 49 C.F.R. § 376.2(f).

9. Defendant Scherping Trucking, Inc. is a motor carrier within the meaning of 49. U.S.C. §13102 (12)

2

10. From about January 28, 2011, to about November 22, 2013, Plaintiff Russell Johnson, as owner of a truck-tractor within the meaning of 49 C.F.R. § 376.2(d) provided hauling services, to Defendant Scherping Trucking, Inc. for compensation.

## COUNT ONE - STATUTORY CLAIM UNDER 49 U.S.C. §14704(a)(1)

11. Pursuant to 49 U.S.C. § 14704(a)(2) a carrier providing transportation or service subject to jurisdiction under 49 U.S.C. §13501 et seq. is liable for damages sustained by a person for violations of 49 U.S.C. §13101 et seq. and of regulations pursuant to 49 U.S.C. §14102.

12. In Count One Plaintiff Russell Johnson seeks damages caused by Defendant Scherping Trucking, Inc.'s violations of lease and interchange regulations, 49 C.F.R. §§376.11 and 376.12. Plaintiff also seeks a temporary and permanent injunction directing Defendant to comply with the provisions of 49 C.F.R. §§ 376.11 and 376.12.

13. 49 C.F.R. Part 376 governed the content of the lease arrangement between Plaintiff Russell Johnson and Defendant Scherping Trucking, Inc.

14. Under federal law, "the authorized carrier may perform authorized transportation in equipment it does not own only under . . . a written lease granting use of the equipment and meeting the requirements contained in [49 C.F.R.] § 376.12." Defendant Scherping Trucking Inc. failed to comply with federal law because it did not enter into a written lease with Plaintiff that complied with 49 C.F.R. § 376.2(d).

15. 49 C.F.R. § 376.12 mandates that leases between motor carriers such as Defendant and truck owners such as Plaintiff contain specific terms and that regulated motor carriers such as Defendant adhere to those terms.

3

16    At all times material 49 C.F.R. § 376.12 provided as follows:

(d) Compensation to be specified-- The amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease....

17    Defendant Scherping Trucking, Inc. agreed to pay Plaintiff Russell Johnson seventy five percent (75%) of the "Gross Profits" for shipments transported under the lease, less "Quick Pay or Factoring Charges." Defendant Scherping Trucking, Inc. failed to comply with 49 C.F.R. § 376.12(d) by failing to clearly state the compensation to be paid to Plaintiff Russell Johnson in a written lease.

18.    At all times material 49 C.F.R. § 376.12 provided, in part, as follows:

(e) Items specified in lease--.....The lease shall clearly specify the responsibility of each party with respect to the cost of fuel, fuel taxes, empty mileage, permits of all types, tolls, ferries, detention and accessorial services, base plates and licenses, and any unused portion of such items. The lease shall clearly specify who is responsible for loading and unloading the property onto and from the motor vehicle, and the compensation, if any, for this service..... If the authorized carrier is authorized to receive a refund or a credit for base plates purchased by the lessor from, and issued in the name of, the authorized carrier, or if the base plates are authorized to be sold by the authorized carrier to another lessor the authorized carrier shall refund to the initial lessor on whose behalf the base plate was first obtained a prorated share of the amount received.

19.    Defendant Scherping Trucking, Inc. did not comply with 49 C.F.R. §376.12(e).

20.    At all times material 49 C.F.R. § 376.12 provided as follows:

(f) Payment period-- The lease shall specify that payment to the lessor shall be made within 15 days after submission of the necessary delivery documents and other paperwork concerning a trip in the service of the authorized carrier. The paperwork required before the lessor can receive payment is limited to log books required by the Department of Transportation and those documents necessary for the authorized carrier to secure payment from the shipper....

21.    Defendant Scherping Trucking, Inc. did not comply with 49 C.F.R. § 376.12(f).

22.   At all times material 49 C.F.R. § 376.12 provided as follows:

(g) Copies of freight bill or other form of freight documentation. When a lessor's revenue is based on a percentage of the gross for a shipment, the lease must specify that the authorized carrier will give the lessor, before or at the time of settlement, a copy of the rated freight bill or a computer-generated document containing the same information, or, in the case of contract carriers, any other form of documentation actually used for a shipment containing the same information that would appear on a rated freight bill. When a computer-generated document is provided, the lease will permit lessor to view, during normal business hours, a copy of any actual document underlying the computer-generated document. Regardless of the method of compensation, the lease must permit lessor to examine copies of the carrier's tariff or, in the case of contract carriers, other documents from which rates and charges are computed, provided that where rates and charges are computed from a contract of a contract carrier, only those portions of the contract containing the same information that would appear on a rated freight bill need be disclosed. The authorized carrier may delete the names of shippers and consignees shown on the freight bill or other form of documentation.

23.   Defendant Scherping Trucking, Inc. did not comply with 49 C.F.R. § 376.12(g) because it has failed to provide Plaintiff Russell Johnson with copies of the rated freight bills on the shipments that he transported, or a computer-generated document containing the same information appearing on the rated freight bills, at or before the time of settlement.

24.   Defendant Scherping Trucking, Inc. did not comply with 49 C.F.R. § 376.12(g) because it has failed to permit Plaintiff Russell Johnson to examine copies of its tariff and/or other documents from which rates and charges are computed.

25.   At all times material 49 C.F.R. § 376.12 provided as follows:

(h) Charge-back items. The lease shall clearly specify all items that may be initially paid for by the authorized carrier, but ultimately deducted from the lessor's compensation at the time of payment or settlement, together with a recitation as to how the amount of each item is to be computed. The lessor shall be afforded copies of those documents which are necessary to determine the validity of the charge.

26. Defendant Scherping Trucking, Inc. did not comply with 49 C.F.R. § 376.12(h) because it has failed to afford Plaintiff Russell Johnson copies of documents necessary to determine the validity of charge-backs.

27. At all times material 49 C.F.R. § 376.12 provided as follows:

(j) Insurance. (2) If the lessor purchases any insurance coverage for the operation of the leased equipment from or through the authorized carrier, the lease shall specify that the authorized carrier will provide the lessor with a copy of each policy upon request of the lessor. Also, where the lessor purchases such insurance in this manner, the lease shall specify that the authorized carrier will provide the lessor with a certificate of insurance for each such policy. Each certificate of insurance shall include the name of the insurer, the policy number, the effective dates of the policy, the amounts and types of coverage, the costs to the lessor for each type of coverage, and the deductible for each type of coverage for which the lessor may be liable.

28. Defendant Scherping Trucking, Inc. did not comply with 49 C.F.R. 376.12(j)(2) because it did not provide Plaintiff with certificates of insurance setting forth the costs to Plaintiff for such coverage on insurance that Plaintiff purchased through it.

29. Under 49 U.S.C. § 14704(a)(1) Plaintiff is entitled to recover damages from Defendant caused by its failure to comply with 49 C.F.R. § 376.12. Plaintiff is also entitled to injunctive relief in the form of a temporary and permanent injunction requiring Defendant Scherping Trucking, Inc. to comply with 49 C.F.R. §376.12.

30. As a result of Defendant's violations of 49 C.F.R. §§ 376.11 and 376.12, Plaintiff has incurred damages in excess of $50,000.00.

## COUNT TWO - BREACH OF CONTRACT

For Count Two of his Complaint, Plaintiff realleges those matters set forth in paragraphs

one through thirty above and further states:

31. Defendant Scherping Trucking, Inc. breached its contract with Plaintiff Russell Johnson which incorporated the provisions specified in 49 C.F.R. § 376.12 as a matter of law.

32. In November 2013, Plaintiff Russell Johnson made his last payment to Defendant Scherping Trucking, Inc. for the purchase of the aforementioned truck-tractor. Defendant, however, has refused to convey title to the truck-tractor to Plaintiff in breach of the lease agreement.

33. Defendant Scherping Trucking, Inc. has breached the lease agreement with Plaintiff because it has not accounted for chargebacks including for truck repairs.

34. As a result of the breach of the lease by Defendant Scherping Trucking, Inc., Plaintiff Russell Johnson has incurred damages in an amount to be determined at trial, but which are in excess of $50,000.00.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment from the Court as follows:

A. As to Count One awarding Plaintiff judgment against Defendant for damages for violations of 49 C.F.R. § 376.12 pursuant to 49 U.S.C.§ 14704(a)(2), including interest thereon, and a temporary and permanent injunction directing Defendant to comply with 49 C.F.R. § 376.12;

B. As to Count Two awarding Plaintiff judgment against Defendant for damages caused by Defendant's breach of the lease;

C. Awarding Plaintiff attorney fees and costs pursuant to 49 U.S.C. § 14704(e).

D. For such other relief as the Court deems just and equitable.

|  |  |
|---|---|
| Dated: June 30, 2014 | TAYLOR & ASSOCIATES, LTD.<br><br>By: _____<br>Paul O. Taylor (No. 161962)<br>900 West 128th Street, Suite 204<br>Burnsville, MN 55337<br>Tel. No. (651) 454-5800<br>Fax No. (888) 763-8395<br>Email: paul@truckersjusticecenter.com<br>ATTORNEYS FOR PLAINTIFF |